**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE JOSEPH EDWARD KLOIAN,

        Debtor,                      Case No. 08-CV-13518-DT

                                      /

**ORDER OF DISMISSAL**

On August 14, 2008, Debtor Joseph Edward Kloian filed in this court a paper captioned under case number 99-51514 of the Bankruptcy Court for the Eastern District of Michigan entitled "Debtor's Motion to Allow Filing of Notice of Appeal Under Fed.R.Bankr.P. 8002(C)(2)." The Clerk docketed this paper as a new case. Attached to Debtor's motion is a document entitled "Order Granting Debtor's Motion to Allow Filing of Notice of Appeal Under Fed.R.Bankr.P. 8002(C)(2)." The document bears no signature and appears to be only a proposed form order.

Debtor is attempting to appeal the Bankruptcy Court's "Findings of Fact and Conclusion of Law . . ." and its Order regarding the same, which are also attached to the motion. The Bankruptcy Court's Order was entered on July 11, 2008.

It is not clear if Debtor is attempting to address his August 14 "Motion to Allow Filing . . ." to the Bankruptcy Court or to the District Court. See *Walker v. Bank of Cadiz (In re LBL Sports Ctr., Inc.),* 684 F.2d 410, 412-13 (6th Cir. 1982) (motion for extension of time due to excusable neglect must be filed with bankruptcy court).

In any event, Debtor is late. The time for filing an appeal expired ten days after the Order was entered, or on July 21, 2008. Federal Rule of Bankruptcy Procedure 8002(a) permits an extension if the request to extend time is made within the time set forth to file the appeal. There is no indication of such a request presented in this case. The same rule provides further for a later extension, not to exceed twenty additional days, if, within twenty days after the filing deadline a persuasive showing of excusable neglect is made. That deadline fell in this case on August 10, 2008, the twentieth day following July 21. Because August 10 was a Sunday, the last day to file such an excusable neglect motion was Monday, August 11, 2008. Debtor filed the instant motion in this court on August 14, 2008, three days following the last deadline. Although the motion bears a nominal date of August 11, 2008, the *filing* date is the date the notice of appeal is received, not the date it is signed or mailed. *See In re LBL Sports Ctr., Inc.,* 684 F.2d at 413. The bankruptcy court may extend the time for an appeal only as permitted by Rule 8002(c). *I n re Longardner & Assocs., Inc.,* 855 F.2d 455, 464 (7th Cir.1988), cert. denied, 489 U.S. 1015 (1989).

The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order. *Matter of Mullis,* 79 B.R. 26, 27 (D.Nev. 1987) (citing *In re Souza,* 795 F.2d 855, 857 (9th Cir. 1986)); *Matter of Ramsey,* 612 F.2d 1220, 1222 (9th Cir. 1980). "This rigid enforcement is justified by the "peculiar demands of a bankruptcy proceeding," primarily the need for expedient administration of the Bankruptcy estate aided by certain finality of orders issued by the Court in the course of administration." *In re Nucorp Energy, Inc.,* 812 F.2d 582, 584 (9th Cir. 1987) (quoting *Matter of Thomas,*

67 B.R. 61, 62 (Bankr.M.D.Fla. 1986)).  This court is without jurisdiction over this case.

Accordingly,

    IT IS ORDERED that this case is DISMISSED.


                        S/Robert H. Cleland
                        ROBERT H. CLELAND
                        UNITED STATES DISTRICT JUDGE


Dated: August 21, 2008


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 21, 2008, by electronic and/or ordinary mail.

                        S/Lisa Wagner
                        Case Manager and Deputy Clerk
                        (313) 234-5522